UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JANETTE MOORE, *aka Janette Pierre-Louis*,

                              Plaintiff,

    -against-

UNITED STATES OF AMERICA/US CONGRESS,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER OF DISMISSAL

20 Civ. 916 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this *pro se* action, for which the relevant fees have been paid, asserting claims against Defendant United States of America/United States Congress, and seeking damages and injunctive relief. For the reasons set forth below, this Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff's 63-page complaint is not a model of clarity. Plaintiff makes allegations about the federal government's failure to address various problems she has experienced and its failure to address issues such as crime, terrorism, and immigration.

Many of Plaintiff's allegations are unintelligible or irrational. For example, Plaintiff states:

> Plaintiff informs the Federal government that sanctions against the fraud and inappropriate usage of the education system must be immediately implemented in all schools and colleges since the Quality Assurance and credentialing systems, for competency, certification and licensure have been misued, destroyed and dismantled by the terror immigrant countries for their own benefit towards academic terrorism expansion.

(Compl., ECF No. 2, at 11), and:

> SINCE 2010 THE PLAINTIFF HAS BEEN ASSIMULATING VIA SATELLITE THE USE OF A VISUAL LINEUP OF CRIMINAL CONVICTIONS OF BILLIONS OF MEDICAL CRIMES AND INJURIES BEING EXERCISED AT MEDICAL FACILITIES BY MILLIONS OF IMMIGRANTS WHO ARE MEDICAL WORKERS OPERATING UNDER LICENSES AND THEIR RESPECTIVE REGULATORY AGENCIES.

(*Id.* at 27) (capitalization in original).

Plaintiff sues "United States of America/US Congress," which this Court understands to be the United States of America. She seeks money damages and injunctive relief.

## DISCUSSION

The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). But a plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain her claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no

final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege any facts demonstrating that she has filed an administrative claim under the FTCA with a federal government entity for damages. Nor does she allege that she has subsequently received a final written determination before bringing this action, or that it has been more than six months since she has filed such an administrative claim. Accordingly, this Court dismisses Plaintiff's claims as frivolous under the doctrine of sovereign immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## WARNING

This is not the first time Plaintiff has brought frivolous claims against the United States of America. On October 31, 2019, Judge Jesse M. Furman of this Court dismissed a similar action brought by Plaintiff against the United States of America, in which she asserted the same types of claims. *Moore v. United States*, No. 19 Civ. 9760 (JMF), 2019 WL 5634679 (S.D.N.Y. Oct. 31, 2019). Judge Furman dismissed that action under the doctrine of sovereign immunity and as frivolous. Given Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware that this action was barred under sovereign immunity. *See Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, this Court warns Plaintiff that further duplicative or frivolous litigation in the Court will result in an order barring Plaintiff from filing new civil actions in this Court without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. This Court dismisses this action as frivolous under the doctrine of sovereign immunity.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: New York, New York
      February 6, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge